Apr-02-07 03:13p   Ex___ _tive Office            815-4  -3955            p.4

# IN THE CIRCUIT COURT OF TENNESSEEE FOR
## THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

### SUMMONS IN A CIVIL ACTION

DOCKET NO: CT-001/39-07 AD DAMNUM $_____        AUTO☐OTHER☐

JOHNNY R. JOHNS and his
spouse DEBBIE JOHNS, TONY M. JONES
and his spouse STORMY D. JONES,
and DAVID M. WEAVER and his spouse
PAMELA WEAVER,

      Plaintiffs,

VS.

STARCON INTERNATIONAL, INC.,
THE PREMCOR REFINING GROUP, INC.,
AND VALERO TERMINALING and
DISTRIBUTION COMPANY
    Defendants.

TO THE DEFENDANT:    STARCON INTERNATIONAL, INC.
                SERVE THROUGH THE AGENT FOR SERVICE OF PROCESS
                CT CORPORATION SYSTEM
                800 S. Gay Street, Suite 2021
                Knoxville, Tennessee 37929-9710

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the COMPLAINT upon Stephen F. Libby, Plaintiff's attorney, whose address is 294 Washington Avenue, Memphis, TN 38103  901-523-1844  Within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED
*March 2* 2007

JIMMY MOORE, Clerk
By: *C. Bridges* , D.C.

### TO THE DEFENDANT(S)

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ day of _____, 2007.

_____
                                  Surety

I, JIMMY MOORE, Clerk of the Circuit Court
Of Shelby County Tennessee certify this to be
A true and accurate copy as filed this 3-2-07
   JIMMY MOORE ;Clerk
BY: *C. Bridges* , D.C.

### EXHIBIT
A

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOHNNY R. JOHNS and his
spouse DEBBIE JOHNS,
TONY M. JONES and his
spouse STORMY D. JONES, and
DAVID M. WEAVER and his
spouse PAMELA WEAVER,

     Plaintiffs,

vs.

STARCON INTERNATIONAL, INC.,
THE PREMCOR REFINING GROUP, INC.,
and VALERO TERMINALING AND
DISTRIBUTION COMPANY.

     Defendants.

FILED

MAR 0 2 2007

CIRCUIT COURT CLERK
BY _Cl Budges_ D.C.

No.: _CT - 001139-07_
JURY DEMANDED

_Div II_

---

### COMPLAINT FOR MONEY DAMAGES

COME NOW Plaintiffs, Johnny R. Johns, Tony M. Jones, and David M. Weaver, and sue the Defendants, Starcon International, Inc., The Premcor Refining Group, Inc., and Valero Terminaling and Distribution Company, and would show and state unto the Court as follows:

### PARTIES

1.    Plaintiff Johnny R. Johns is a resident citizen of Quitman County, Mississippi.

2.    Plaintiff Tony M. Jones is a resident citizen of Ashley County, Arkansas.

3.    Plaintiff David M. Weaver is a resident citizen of Quitman County, Mississippi.

Apr 02 07 03:13p      Ex    itive Office              815-4  ·3956              p.6

4.      Defendant Starcon International, Inc. (hereinafter "Starcon") is a foreign corporation, licensed to do business in the State of Tennessee and may be served through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

5.      Defendant The Premcor Refining Group, Inc. (hereinafter "Premcor") is a foreign corporation licensed to do business in the State of Tennessee and may be served through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

6.      Defendant Valero Terminaling and Distribution Company (hereinafter "Valero") is   a foreign corporation licensed to do business in the State of Tennessee and may be served through its  registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

## JURISDICTION AND JOINDER

7.      Jurisdiction and venue are proper in this Court as the injury which is the subject matter of this Complaint occurred in Memphis, Shelby County, Tennessee.

8.      Joinder is proper in this matter pursuant to Rule 20 of the Tennessee Rules of Civil Procedure, as each of the principle Plaintiffs' claims arise out of the same transaction or occurrence.

## FACTUAL BACKGROUND

9.      Plaintiffs were employed as welders by J.V. Industrial Companies, LTD. (hereinafter "JVIC"), at the time of the accident which gives rise to this Complaint.

2

10.     JVIC was hired to perform certain work for Defendants Valero and/or Premcor at the Valero Refinery in Memphis, Tennessee and was performing said work on or about March 6, 2006.

11.     Plaintiffs were employees of JVIC performing work at the Valero Refinery in Memphis, Tennessee on March 6, 2006.

12.     Certain pipes at Valero are used to carry hazardous and extremely dangerous materials, including but not limited to hydrofluoric acid.

13.     On or about March 6, 2006, Defendant Starcon was also performing work at the Valero Plant.

14.     On that date, Starcon was charged with performing work on one of the pipes sometimes used to carry hydrofluoric acid.

15.     The pipes have blinds in them that prevent the unauthorized or accidental release of the contents of the pipe that might potentially harm the Plaintiffs and/or the public at large.

### ACTS OF NEGLIGENCE / STRICT LIABILITY

16.     As a result of the negligent actions and omissions and of the Defendants, as well as their failure to take proper precautions, hydrofluoric acid was introduced into the air in the unit in which the Plaintiffs were working, resulting in their inhaling hydrofluoric acid.

17.     As a part of its work, Starcon was required to insure that a blind was properly installed to prevent chemical release from the pipe, except as anticipated.

18.     Due to the negligence of the Defendants, the flow of the pipe was not properly cut off, which led to the release of hydrofluoric acid which injured the Plaintiffs.

3

19.    Both Defendants Valero and Starcom are required to conduct certain lockout / tag out procedures designed to prevent the accidental or unauthorized release of hazardous materials, unless all parties agree that the pipe is working properly.

20.    On March 6, 2006, employee(s) of Defendants Premcor/Valero negligently introduced steam into the "unblinded" pipe without properly inspecting said pipe to make sure all valves were in place.

21.    As a result of the negligent actions and omissions and of the Defendants, as well as their failure to take proper precautions, hydrofluoric acid was introduced into the air in the unit in which the Plaintiffs were working, resulting in their inhaling hydrofluoric acid.

22.    The Plaintiffs and the other JVIC employees performing the subject work relied upon the knowledge and expertise of the Valero and Starcon employees to properly shut down the piping system.

23.    Due to the negligence of the Defendants, both separately and jointly, the Plaintiffs Johnny R. Johns, Tony M. Jones, and David M. Weaver, were, without notice or warning, caused to come into contact with highly hazardous chemicals; namely hydrofluoric acid, causing them both temporary and permanent injuries.

24.    Defendants and their employees had a duty to provide trained employees to perform isolation of energy sources to reduce the potential harm to third persons, including but not limited to Plaintiffs.

25.    On the above date, the Defendant Starcon committed several acts of negligence, including but not limited to taking a pipe valve apart, removing a blind and leaving the pipe unprotected to prevent the release of hazardous materials. Defendant Starcon also failed to properly adhere to the lockout / tag out procedures. Upon information

4

and belief, Starcon violated OSHA regulations, Tosha regulations and other general duties to the Plaintiffs.

26.    On the above date, the Defendant Valero / Premcor committed several acts of negligence, including but not limited to allowing JVIC employees in an area that it knew or should have known was hazardous, failing to properly adhere to and enforce the lockout / tag out procedures, failing to properly supervise Defendant Starcon, by turning on the valve and thereby releasing hazardous materials and failing to provide appropriate safeguards for persons working on its premises.

27.    Upon information and belief, Defendant Valero / Premcor also violated OSHA regulations, Tosha regulations or general duties to the Plaintiffs.

28.    No audible or visual alarms sounded at the time of this incident to warn the Plaintiffs of the danger posed to them by the hydrofluoric acid in the air.

29.    The OSHA considers hydrofluoric acid a highly hazardous chemical, toxin, or reactive, (29 CFR 1910.119 (Appendix A).

30.    Defendants, Valero and Starcon, through the actions of its employees, were guilty of one or more of the following acts of negligence each and every one of which were a direct and proximate cause of the injuries herein complained of, to-wit:

(a)    Negligently failing to exercise that degree of care and caution as required under the same of similar circumstances.

(b)    Negligent in failing to have equipment specific energy control procedures developed;

5

(c)   Failing to adhere to proper and effective procedures for shutting down the piping system such that the flow of hazardous chemicals through the pipes could be properly monitored.

(d)   Failing to insure that the piping system was properly repaired or maintained when the Defendant knew or should have known that failure to do so could cause injury to people, such as the plaintiffs;

(e)   Failing to adhere to CHSO, TOSHA and OSHA safety requirements;

(f)   Failing to follow their own lockout/tagout procedures in March 2006 insofar as Starcon's work was involved;

(g)   The Defendant has failed to perform annual or appropriate monitoring to insure that its employees are aware of and follow the proper procedures for lockout.

(h)   Negligently failing to insure that the area in which the Plaintiff was working or located was free of dangerous chemicals or instrumentalities or other unwarranted dangers;

(i)   Negligently in failing to have annual monitoring of authorized employees performing lockout/tagout procedures;

(j)   The Defendants lacked machine specific procedures for identifying and isolating energy sources in violation of 29 CFR 1910.147 (c)(4)(II)(B).

(k)   Valero was guilty of negligent inspection and supervision of Starcon's work;

(l)   The Defendants failed to conduct annual monitoring of authorized employees in violation of 29 CFR 1910.147 (c)(6)(i).

(m)   The Defendants negligently failed to provide adequate guarding to confine the heat, sparks and slag in violation of 29 CFR 1910.252 (a)(1)(ii).

(n)   The Defendants negligently failed to inspect the area in which Plaintiff was working by a person responsible for authorization of the work in violation of 29 CFR 1910.252 (a)(2)(iv).

31.   The Plaintiffs and the other JVIC employees performing the subject work relied upon the knowledge and expertise of the Valero and Starcon employees to properly shut down the piping system.

32.   Defendants, Valero and/or Premcor, and Defendant Starcon, jointly and severally, through the actions of their employees, were guilty of violating one or more of the following regulations, each and every one of which were in full force and effect at the time and place of the acts and omissions complained of, each and every such violation constituting a separate and distinct act of negligence per se, and each and every such act constituting a direct and proximate cause of the injuries and damages, to wit:

(a)   The Defendants lacked machine specific procedures for identifying and isolating energy sources in violation of 29 CFR 1910.147 (c)(4)(II)(B).

(b)   The Defendants failed to conduct annual monitoring of authorized employees in violation of 29 CFR 1910.147 (c)(6)(i).

(c)   The Defendants negligently failed to provide adequate guarding to confine the heat, sparks and slag in violation of 29 CFR 1910.252 (a)(1)(ii).

7

(d)     The Defendants negligently failed to inspect the area in which Plaintiff was working by a person responsible for authorization of the work in violation of 29 CFR 1910.252 (a)(2)(iv).

33.    At the time of this accident, Defendants were not in compliance with several OSHA Regulations, including but not limited to:

a.     Implementation of a program of engineering controls, work practices, and personal protective equipment to avoid exposure to highly hazardous chemicals and toxins, (29 CFR 1910.134(b), 29 CFR 1910.1000);

b.     Proper monitoring of the site to determine the appropriate level of employee respiratory protection, (29 CFR 1910.134);

c.     Providing information and proper training, including first-aid training, to employees about the hazards to which they may be exposed by implementing a hazard communication program, (29 CFR 1910.1200); and

d.     Development and implementation of an emergency response plan, including emergency procedures and proper training of personnel, (29 CFR1910.38, 29 CFR 1910.120).

34.    None of the Defendants took appropriate and proper precautions to protect the Plaintiffs from damage such as that they incurred in this accident.

35.    Due to the highly dangerous nature of hydrofluoric acid, the Defendants are each, jointly and severally liable for damages to the Plaintiffs under the theory of strict liability.

8

36.    Upon information and belief, the Defendants were guilty of negligence, conscious indifference, and reckless conduct implying disregard of social obligations, and as such, Defendants should be liable for punitive damages.

37.    The Plaintiffs Johnny R. Johns, Tony M. Jones, and David M. Weaver, charge and allege that as a direct and proximate result of the aforementioned acts and omissions on the part of the Defendants, they were each caused to suffer and incur the following damages, including, but not limited to:

      a.   Permanent physical injuries;
      b.   Severe fright and shock;
      c.   Great physical pain and suffering;
      d.   Mental anguish;
      e.   Medical expenses, both past and future;
      f.   Impaired ability to enjoy the normal pleasures of life;
      g.   Loss of income;
      h.   Loss of future earning capacity; and
      i.   Such other, further, and general relief to which he may be entitled under the law and evidence.

38.    The Plaintiffs, Debbie Johns, the spouse of Plaintiff Johnny R. Johns, Pamela Weaver, the spouse of Plaintiff David M. Weaver and Stormy D. Jones, the spouse of Plaintiff Tony M. Jones have suffered the following as a direct and proximate result of the negligence of the defendants:

      a.   Loss of Consortium,

      b.   Loss of Services,

      c.   Loss of Companionship.

      d.   Such other, further and general relief to which she may be entitled under the law and evidence.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that:

1.      Plaintiff Johnny R. Johns be awarded compensatory damages in an amount
to be determined at trial, in an amount not less than Five Hundred Thousand Dollars
($500,000.00), and other such relief as the Court may deem just and equitable;

2.      Plaintiff Tony M. Jones be awarded compensatory damages in an amount to .
be determined at trial, in an amount not less than Five Hundred Thousand Dollars
($500,000.00), and other such relief as the Court may deem just and equitable;

3.      Plaintiff David M. Weaver be awarded compensatory damages in an amount
to      be determined at trial, in an amount not less than Five Hundred Thousand Dollars
($500,000.00), and other such relief as the Court may deem just and equitable;

4.      The Plaintiffs, Debbie Johns, Pamela Weaver and Stormy D. Jones, each be
awarded compensatory damages in an amount to be determined at trial, in an amount not
less than One Hundred Thousand Dollars ($100,000.00), and other such relief as the
Court may deem just and equitable;

5.      Plaintiffs may supplement this Complaint as additional facts are discovered;
and

6.      A jury be empanelled to try the issues when joined herein.

Respectfully submitted,

STEPHEN F. LIBBY, BPR 015542
Attorney for Plaintiffs
294 Washington Avenue
Memphis, Tennessee 38103
901-523-1844

Apr 02 07 03:22p    E   utive Office          815-  1-3956          p.23

## IN THE CIRCUIT COURT OF TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOHNNY R. JOHNS and his
spouse DEBBIE JOHNS,
TONY M. JONES and his
spouse STORMY D. JONES, and
DAVID M. WEAVER and his
spouse PAMELA WEAVER,

  **Plaintiffs,**

vs.

STARCON INTERNATIONAL, INC.,
THE PREMCOR REFINING GROUP, INC.,
and VALERO TERMINALING AND
DISTRIBUTION COMPANY.

  **Defendants.**

F I L E D

MAR 3 2 2007

CIRCUIT COURT CLERK
BY _____ D.C.

No.: CT-00I139-07
JURY DEMANDED
Div. II

---

## PLAINTIFF JOHNNY R. JOHNS' FIRST SET OF INTERROGATORIES TO DEFENDANT STARCON INTERNATIONAL, INC.

COMES NOW your Plaintiff Johnny R. Johns (hereinafter "Plaintiff") pursuant to Rule 33 of the Tennessee Rules of Civil Procedure, and propounds the following written interrogatories to be answered by the Defendant Starcon International, Inc. (hereinafter or "Defendant" or "Starcon") under oath within thirty (30) days after service and to supplement or amend its responses as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

### DEFINITIONS

"Accident" refers to the incident complained of in Plaintiff's complaint relating to the release of hydrofluoric acid.

"Injury" refers to those personal injuries referred to in Plaintiff's complaint.

## WITNESSES

**INTERROGATORY NO. 1:** Please state the name, address and telephone number of each person who possesses or has knowledge of any discoverable matter of relevant facts within which the provisions of Rule 26 of the Tennessee Rules of Civil Procedure or the provision of other applicable law concerning the issues or factual matter which relate to or have been raised in the Complaint, Answer, or other pleadings, matters or records in this cause. Please note that Plaintiff will object to the testimony of any witness at the trial of this cause who is not identified in the answer to this Interrogatory. With regard to each person identified in this interrogatory, state the subject matter on which each such person can reasonably be expected to testify, the anticipated substance of each such person's testimony, and the substance of any statements that have been taken from each such person.

**INTERROGATORY NO. 2:** State the names, home addresses, and home telephone numbers of all persons having knowledge of any discoverable facts pertaining to the matters and issues in this action, including but not limited to any anyone with knowledge or information to support any defenses that Defendant is raising in this matter.

**INTERROGATORY NO. 3:** State the name and address of every expert witness who will be called by the Defendant at trial and by deposition, an as to each state:

    a.    His or her job title, job description, employer, educational background, or other training; and

    b.    The subject matter on which each expert is expected to testify; and

    c.    The substance of the facts and opinions to which he or she is expected

2

testify; and

d.   The summary of the grounds for each opinion and attach a copy of any such report to your answer.

**INTERROGATORY NO. 4:**   Identify by complete name, present home and business address, and present home and business telephone number of each and every employee of Defendant who performed any of the work referenced Plaintiff's complaint.

**INTERROGATORY NO. 5:** If you maintain that any of the Plaintiffs was a statutory employer of this Defendant, identify all documents, by title and date, which you contend evidence or tend to support your claim and identify the name, address and telephone number of the current custodian of each such document.

**INTERROGATORY NO. 6:** If you maintain that any of the Plaintiffs was a statutory employer of this Defendant, for each Plaintiff, please state and fully describe:

a.   Each and every factual and legal basis which you contend supports your allegation(s),

b.   The name and address of each person with discoverable knowledge thereof;

c.   A summary of the discoverable knowledge that each person identified in the subpart above possesses; and

d.   List and describe each and every document that relates to or supports your contention.

**INTERROGATORY NO. 7:** State the name, address and telephone numbers of each and every employee of this Defendant that performed any work at the Valero Plant from March 4 through March 8, 2006. For each such employee, state and describe the type of work they performed and identify the area of the Valero site in which they performed such work.

**INTERROGATORY NO. 8:** State the name, address and telephone numbers of

3

each and every employee of this Defendant person who worked on the piping system, valves or blinds for this Defendant at the Valero Plant from March 4 through March 8, 2006

INTERROGATORY NO. 9: State the name, address and telephone numbers of each and every employee or person who had any responsibility relating to the proper shut down of the piping system on which any Plaintiff was performing work or from which the hydrofluoric acid was allowed to escape.

INTERROGATORY NO. 10. Please identify all documents that you contend constitute ANY contract between Starcon and either Valero or Premcor that refers or relates to the provision of any labor or material to the Valero Plant. If a formal contract did not exist, identify all purchase orders, work orders or other documents that refer or relate to the work or the agreement between the parties.

INTERROGATORY NO. 11: Please state and fully describe what you believe to have been the cause or causes of the release of hydrofluoric acid into the air at the Valero Plant on or about March 6th or March 7, 2007.

INTERROGATORY NO. 12: If you contend that any of the plaintiffs were either at fault or contributed to the release of hydrofluoric acid into the air at the Valero Plant on or about March 6th or March 7, 2007, state and fully describe the factual basis for such contention.

INTERROGATORY NO. 13: If you contend that any of the plaintiffs could have reasonably taken steps to the release of hydrofluoric acid into the air at the Valero Plant on or about March 6th or March 7, 2007, state and fully describe the factual basis for such contention.

4

**INTERROGATORY NO.  14.** Please state the name of each person known to you or known to any of your representatives who:

      a.    Witnessed the accident;

      b.    Were present at the scene

      c.    Were within sight or hearing of the accident

      d.    Rendered assistance to any Plaintiff at the scene.

**INTERROGATORY NO.  15:**  Do you contend that any person, entity or thing contributed to the cause of the incident and/or Plaintiffs' injuries or exposure to hydrofluoric acid in March 2006? If your response to this interrogatory is affirmative, for each such person, entity or thing:

      a.    Identify the person, entity or thing;

      b.    State the factual basis for your contention that the person, entity or thing contributed to cause the incident, injuries and/or losses described in the complaint; and

      c.    Identify each person who has knowledge or claims to have knowledge of any such facts.

**INTERROGATORY NO.  16:**  Do you deny that you were negligent in the accident involved herein? If so, what is the basis of your denial of negligence?

**INTERROGATORY NO.  17:**  If you have or plan to plead comparative negligence in this case, state each and every fact upon which you base this assertion.

**INTERROGATORY NO.  18:**  As a result of the accident described herein, were you charged with the violation of any regulation, statute or code? If so, state

      a.    Each regulation, statute or code that you were charged with violating;

      b.    The factual basis alleged to constitute such a violation;

      c.    The final disposition of each such charge; and

      d.    Identify each document that records, establishes or refers to any or all of such charges, allegations or dispositions.

**INTERROGATORY NO.  19:**  As a result of the accident described herein, are

you aware of any other person or entity being charged with the violation of any regulation, statute or code? If so, state

    e.    The name of each such party or entity

    f.    Each regulation, statute or code that each such party or entity was charged with violating;

    g.    The factual basis alleged to constitute such a violation;

    h.    The final disposition of each such charge; and

    i.    Identify each document that records, establishes or refers to any or all of such charges, allegations or dispositions.

**INTERROGATORY NO. 20:**    State whether or not you are aware of any photographs, video tapes or motion pictures in existence concerning any of the objects or facts involved in this litigation. If so, please state the name, address and telephone number of the person having the same.

**INTERROGATORY NO. 21:**    Do you claim that any Plaintiff acted or omitted to act in manner which contributed to the accident? If so, state:

    a.    What any such Plaintiff did that you claim he should not have done;

    b.    What any such Plaintiff did not do which you claim he should have done.

**INTERROGATORY NO. 22:**    Please identify any photographs, motion pictures, videotapes or audiotapes that were taken of any Plaintiff or the accident scene at any time following the accident or any of Plaintiff's injuries. With regard to each such photograph, videotape, motion picture, audio tape or other recording, state the following:

    a.    The date on which each was taken;

    b.    The name and address of the custodian of each such recording;

    c.    The person or persons who took each one;

d.    The person or persons who were present when each was taken;

e.    The general subject matter and nature of what each one depicts; and

f.    Please indicate whether or not you will allow Plaintiff's attorney, without formal motion, to examine each and every one of the photographs, videotapes, motion pictures, audio tapes or recordings.

<u>INTERROGATORY NO. 23:</u>      If you claim that any portion of any contract between Starcon and either Premcor or Valero was oral, as to each oral agreement:

a.    State the date or dates when it was allegedly made or given;

b.    Identify each person who allegedly made or gave it;

c.    Identify each person who was present when it was allegedly made or given;

d.    Describe its contents; and

e.    Identify each document that records, establishes or refers to any or all of its contents.

<u>INTERROGATORY NO. 24:</u>      State the name, address and telephone numbers of all individuals assisting in the preparation of the answers to the interrogatories.

<u>INTERROGATORY NO. 25:</u>      If you have denied any of the allegations contained in Plaintiff's complaint, state separately by the number of each paragraph to which a denial was given, the factual basis for your denial and identify all persons who have personal knowledge of the facts according to the denial.

<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

<u>REQUEST NO. 1:</u>  Please produce copies of any photographs, video tapes or motion pictures concerning any of the objects or facts involved in this litigation.

<u>REQUEST NO. 2.</u>  Please produce a copy of any statement, recorded, in writing or otherwise, made in connection with the facts surrounding this case.

7

**REQUEST NO. 3.** Please produce any and all documents identified, reviewed or utilized to formulate responses to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 4.** Please produce all documents which refute the any Plaintiff's claims against you.

**REQUEST NO. 5.** A copy of all investigations performed into the causes of the accident with is the subject matter of these proceedings, including but not limited to any performed by Starcon, Premcor, Valero, CHSO, TOSHA and OSHA investigations.

**REQUEST NO. 6:** A copy of all informal inquiries or informal investigations performed into the causes of the accident with is the subject matter of these proceedings, including but not limited to any performed by Starcon, Premcor, Valero, CHSO, TOSHA and OSHA investigations.

**REQUEST NO. 7.** Any and all documents relating to the proper shutdown of the piping system on which Starcon was hired to perform work.

**REQUEST NO. 8:** Any and all documents relating to any contracts between Starcon and either Valero or Premcor.

Respectfully submitted,

STEPHEN T. LIBBY, BPR #15542
Attorney for Plaintiffs
294 Washington Avenue
Memphis, Tennessee 38103
901-523-1844

8

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOHNNY R. JOHNS and his
spouse DEBBIE JOHNS,
TONY M. JONES and his
spouse STORMY D. JONES, and
DAVID M. WEAVER and his
spouse PAMELA WEAVER,

     Plaintiffs,

vs.

                                     No.: CT-001139-07
                                     Division II
                                     JURY DEMANDED

STARCON INTERNATIONAL, INC.,
THE PREMCOR REFINING GROUP, INC.,
and VALERO TERMINALING AND
DISTRIBUTION COMPANY.

     Defendants.

ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF
VALERO TERMINALING AND DISTRIBUTION COMPANY AND
THE PREMCOR REFINING GROUP, INC., BY
JOHNNY R. JOHNS AND HIS WIFE, DEBBIE JOHNS ONLY

It appearing to the Court from the statements of counsel that the Plaintiffs,

Johnny R. Johns and his wife, Debbie Johns, pursuant to Rule 41.01 of the Tennessee

Rules of Civil Procedure, desire to voluntarily dismiss without prejudice their cause

against the Defendants Valero Terminaling And Distribution Company And The Premcor

Refining Group, Inc., in the above-captioned proceedings, no Motion for Summary

Judgment having been filed by any adverse party;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the claims of

the Plaintiffs, Johnny R. Johns and his wife, Debbie Johns, against the Defendants

Valero Terminaling And Distribution Company And The Premcor Refining Group, Inc.,

are voluntarily dismissed without prejudice pursuant to Rule 41 of the Tennessee Rules of Civil Procedure with the costs to be assessed against the Plaintiffs for which let execution lie if necessary.

James F. Russell
_____
Judge

3/27/07
_____
Date

APPROVED FOR ENTRY:

Stephen F. Libby
Attorney for Plaintiff
294 Washington Ave.
Memphis, Tennessee 38103

A TRUE COPY ATTEST

JIMMY MOORE, Clerk

_____ D.C.

## CERTIFICATE OF SERVICE

I, Stephen F. Libby, certify that a true and exact copy of the foregoing Order of Nonsuit without prejudice has been served upon the following parties to this action, via United States Mail, postage prepaid this _29th_ day of March, 2007:

Defendant Starcon International, Inc.
Through its registered agent, CT Corporation System
800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710

The Premcor Refining Group, Inc.
Through its registered agent, CT Corporation System
800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710

Defendant Valero Terminaling and Distribution Company
Through its registered agent, CT Corporation System
800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710

Stephen F. Libby

2